ARTHUR BEYER AND CATHERINE A. BEYER, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 13810-87.          Filed June 21, 1989.

---

[8]In any event, we are not bound by the District Court's holding.

*Moe D. Karash,* for the petitioners.
*Monica E. Koch,* for the respondent

## OPINION

TANNENWALD, *Judge:* Respondent determined deficiencies in petitioners' Federal income tax for the taxable year 1983 in the amount of $38,308 and in the amount of $264 for the taxable year 1984 and an addition to tax under section 6661[1] in the amount of $9,577 for the taxable year 1983. Respondent having conceded the addition to tax and petitioners having conceded respondent's determination for 1984, the issues for decision are: (1) Whether petitioners are entitled to a carryover of the amount of investment interest expense for 1981 and 1982 disallowed by reason of the limitations in section 163(d) to 1983 to the extent that said amounts exceeded their taxable income for 1982; (2) whether, in the alternative, (a) petitioners may add the disallowed investment interest expense to their basis in securities, or (b) whether petitioners were in the trade or business of trading securities during the year in issue so that section 163(d) is inapplicable.

This case has been submitted under Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by reference.

Petitioners resided in Rixeyville, Virginia, at the time of the filing of their petition. Petitioners filed Federal income

---

[1] All section references are to the Internal Revenue Code as amended and in effect during the taxable years in issue, and any reference to a Rule is to the Tax Court Rules of Practice and Procedure.

tax returns for taxable years 1982, 1983, and 1984 with the Internal Revenue Service, Memphis, Tennessee.

Petitioners reported total investment interest expense of $177,603, consisting of a carryover of $151,849 from 1981 and a current amount of $25,754 for 1982, on Form 4952, Investment Interest Expense Deduction, attached to their 1982 Federal income tax return. In making the computations, petitioners determined that investment interest expense deductible in 1982 was limited to $14,748. Petitioners reported taxable income of $8,095 for 1982. Petitioners carried the disallowed investment interest expense of $162,855 from 1982 ($177,603 minus $14,748) forward to Form 4952 attached to their 1983 Federal income tax return.

In 1983, petitioners had additional investment interest expense of $71,662. Petitioners reported this investment expense and the carryover from 1982, totaling $234,517, on Form 4952, attached to their 1983 Federal income tax return. Petitioners determined that the limitation to the amount of investment interest expense deductible in 1983 was $236,600. Petitioners therefore deducted the total investment interest expense of $234,517 on their 1983 Federal income tax return.

Respondent determined that $154,760 of the 1982 carryover of disallowed investment interest should not be carried over to 1983 to the extent that the total carryover from 1982 ($162,855) exceeded petitioners' taxable income for 1982 ($8,095).

This is a case of first impression. The issue is the extent to which the carryover of disallowed investment interest expense under section 163(d) is subject to a taxable income limitation. Respondent argues that, for 1983, petitioners' carryover of investment interest expense from both 1981 and 1982 disallowed by reason of the limitation set forth in section 163(d)(1) is limited to the amount of petitioners' taxable income for 1982. Petitioners assert that the carryover of disallowed investment interest expense for 1981 and 1982 is not so limited, and that the full amount of $162,855 is available for that purpose.

Section 163(d) provides:[2]

(1) IN GENERAL.—In the case of a taxpayer other than a corporation, the amount of investment interest (as defined in paragraph (3)(D)) otherwise allowable as a deduction under this chapter shall be limited, in the following order, to—
  (A) $10,000 ($5,000, in the case of a separate return by a married individual), plus
  (B) the amount of the net investment income (as defined in paragraph (3)(A)), plus the amount (if any) by which the deductions allowable under this section (determined without regard to this subsection) and sections 162, 164(a)(1) or (2), or 212 attributable to property of the taxpayer subject to a net lease exceeds the rental income produced by such property for the taxable year.

\*    \*    \*    \*    \*    \*    \*

(2) CARRYOVER OF DISALLOWED INVESTMENT INTEREST.—The amount of disallowed investment interest for any taxable year shall be treated as investment interest paid or accrued in the succeeding taxable year.
(3) DEFINITIONS.—For purposes of this subsection—

\*    \*    \*    \*    \*    \*    \*

  (B) INVESTMENT INCOME.—The term "investment income" means—
    (i) the gross income from interest, dividends, rents, and royalties,
    (ii) the net short-term capital gain attributable to the disposition of property held for investment, and
    (iii) any amount treated under sections 1245, 1250, and 1254 as ordinary income,

but only to the extent such income, gain, and amounts are not derived from the conduct of a trade or business.

\*    \*    \*    \*    \*    \*    \*

  (E) DISALLOWED INVESTMENT INTEREST.—The term "disallowed investment interest" means with respect to any taxable year, the amount not allowable as a deduction solely by reason of the limitation in paragraph (1).

We first address petitioners' alternative argument that the limitations of section 163(d) are inapplicable because Mr. Beyer was in the trade or business of trading securities. Petitioners bear the burden of proof on this issue. Rule 142(a); *Welch v. Helvering,* 290 U.S. 111 (1933). We hold that they have not carried their burden.

Petitioners offered no evidence that Mr. Beyer incurred the investment interest expense for purchases other than as an investor. No matter how extensive his activities may be,

_____

[2]Sec. 163(d) was substantially revised by sec. 511 of the Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2244.

an investor is never considered to be in the trade or business with respect to his investment activities. *King v. Commissioner,* 89 T.C. 445, 459 (1987).[3] We turn to the question of the extent to which the limitations of section 163(d) should apply in determining petitioners' deductible investment interest expense for 1983.

The limitation on the deductibility of investment interest expense was first enacted as section 221 of the Tax Reform Act of 1969, Pub. L. 91-172, 83 Stat. 487, 574. Prior to the passage of this section, a taxpayer could incur large investment interest expense which could be used to offset income other than investment income. However, if the taxpayer did not have sufficient taxable income to absorb the entire amount of the investment interest expense, there was no carryover of the excess investment interest expense to succeeding taxable years. The legislative history reflects that the limitations contained in section 163(d) were first proposed in the House of Representatives' version of the Tax Reform Act of 1969, H.R. 13270, sec. 221, 91st Cong., 1st Sess. (1969), and were aimed at curbing the use of investment interest expense in excess of investment income to insulate other income from taxation, the effect of which was to produce a mismatching of investment income and investment expense. H. Rept. 91-413 (Part 1) (1969), 1969-3 C.B. 200, 245. The House Report also indicates that disallowed investment interest expense could be carried over to subsequent years but that the section was not intended to allow the amount that would not otherwise be deductible because of insufficient taxable income to be carried over to succeeding taxable years. Thus, the House Report provides:

> Interest for which a deduction was disallowed in a year, because of the application of the limitation, could be carried over to subsequent years and used to offset net investment income (including capital gains) arising in those years to the extent allowable under the limitation in such a year. A carryover would not be available, however, for disallowed interest to the extent it exceeded the taxpayer's taxable income for the year (that is, to the extent the disallowed interest would not have reduced the taxpayer's taxable income). [H. Rept. 91-413 (Part 1), *supra,* 1969-3 C.B. at 246.]

---

[3]See also *Purvis v. Commissioner,* T. C. Memo. 1974-164, affd. per curiam 530 F.2d 1332 (9th Cir. 1976).

The Senate version of the Tax Reform Act of 1969 did not contain any provision limiting the deductibility of investment interest expense. The Conference Report followed the House provision, with certain modifications not relevant herein. That report states, "A carryover of disallowed interest is allowed so that the disallowed interest can be used to offset investment income (and capital gains) in subsequent years." It makes no reference to the impact of the amount of taxable income in any year to the availability of a carryover. H. Rept. 91-782 (Conf.) (1969), 1969-3 C.B. 644, 657. However, limiting language identical to that of the House Report in this respect is contained in the General Explanation of the Tax Reform Act of 1969 prepared by the Staff of the Joint Committee on Taxation, at p. 100 (Jt. Comm. Print 1970).[4]

Section 163(d) was amended by the Tax Reform Act of 1976, Pub. L. 94-455, sec. 209, 90 Stat. 1520, 1542. The House Report to this act contains a discussion of the limitation on the carryover similar to that contained in the House Report on the Tax Reform Act of 1969:

> Investment interest for which a deduction is disallowed in a year (year one) because of the limitation may be carried over to the following year (year two). The amount of the disallowed interest carried over to year two which may be deducted in year two is limited to the extent to which the taxpayer's $12,000 allowance, investment income, and long term capital gains for year two exceed his nonbusiness interest for that year. A carryover of disallowed investment interest which cannot be used in year two because of the above-described limitation may be carried over to succeeding years. A carryover is not available for disallowed interest to the extent it exceeds the taxpayer's taxable income for the year the interest is paid or accrued (that is, to the extent the disallowed interest would not have reduced the taxpayer's taxable income or increased a net operating loss). [H. Rept. 94-658 (1976), 1976-3 (Vol. 2) C.B. 695, 796.]

The Senate version of the Tax Reform Act of 1976 eliminated section 163(d). S. Rept. 94-938 (1976), 1976-3 (Vol. 3) C.B. 49, 144. The Conference Report restored the provision, with modifications not relevant herein. It states:

---

[4]The use of the General Explanation or "Blue Book" has received judicial sanction. *Todd v. Commissioner,* 89 T.C. 912, 915 (1987), affd. 862 F.2d 540 (5th Cir. 1988); *Rivera v. Commissioner,* 89 T.C. 343, 349 n. 7 (1987); 1 J. Mertens, Law of Federal Income Taxation, sec. 3.29 (1981 rev.).

Interest deductions which are disallowed under these rules are subject to an unlimited carryover and may be deducted in future years (subject to the applicable limitation). * * * [S. Rept. 94-1236 (Conf.) (1976), 1976-3 (Vol. 3) C.B. 807, 822.]

The same language is contained in the General Explanation of the Tax Reform Act of 1976 prepared by the Staff of the Joint Committee on Taxation, at 103 (J. Comm. Print 1976), 1976-3 (Vol. 2) C.B. 1, 115.

At the outset, we recognize that the taxable income limitation is not reflected in express statutory language. Section 163(d)(3)(E), however, specifically limits the term "disallowed investment interest" to the amount of such interest disallowed as a deduction "solely by reason of the limitation in paragraph (1)." The legislative history set forth above clearly reflects the intention that disallowed interest in excess of taxable income be considered as having been disallowed for a reason other than solely because of the limitation contained in section 163(d)(1).

We think this taxable income limitation applies to the carryover to 1983 of the excess of investment interest expense paid by petitioners in 1982 over the amount allowed under section 163(d) ($2,911, i.e., $25,754 minus $14,748, minus the amount of their taxable income for 1982 ($8,095)). To allow a deduction of such excess would be to expand the deduction for investment interest under prior law by permitting petitioners to get the benefit of a deduction in 1983 for an amount that would not have previously been available to them as a deduction in the year such interest was paid, namely 1982. Such a result would be contrary to the objective of the section, namely to limit the deduction which had been available to taxpayers under prior law.

We reach a different conclusion in respect of the carryover of $151,849 unused investment interest expense from 1981. The record indicates that petitioners had disallowed investment interest expense of $151,849 at the end of 1981 and respondent does not contend, as he has with respect to the amount of such expense for 1982, that such amount is in excess of petitioners' taxable income for the taxable periods in which such amounts were paid. Thus, we proceed with our analysis on the basis that, in respect of any of

such periods, petitioners would have had sufficient taxable income to enable them to deduct in full such interest expense but for the limitations of section 163(d). Such being the case, it would appear that this amount falls within the ambit of section 163(d)(3)(E) as having been disallowed "solely by reason of the limitation in paragraph (1)." The only reason for reaching a contrary conclusion would be a literal application of the language of section 163(d)(2) which would treat the amount of the 1981 carryover as being transformed into an investment interest expense which was actually paid in 1982 with the result that the taxable income limitation would apply to that amount as well. We think that a proper interpretation of section 163(d)(2) does not compel such a conclusion. We are satisfied that, in light of the legislative history, section 163(d)(2) was not intended to apply, insofar as the taxable income limitation is concerned, to the amount of investment interest expense from a prior taxable year, which is disallowed by reason of the limitations of section 163(d)(1) but which is not in excess of the taxable income for that year.[5] In this connection, we think it significant that the examples contained in such history deal only with a carryover from the immediately preceding taxable year and not with a carryover of a disallowed investment expense attributable to earlier years. H. Rept. 91-413 (Part 2), to accompany H.R. 13270, at 48 (1969); H. Rept. 94-658 (1976), 1976-3 (Vol. 2) C.B. 695, 796-797.

Respondent's ruling on the matter of a carryover of disallowed investment interest expense, Rev. Rul. 86-70, 1986-1 C.B. 83, deals with a situation involving the taxable income in one year (1984) and the availability of the excess investment interest expense in the following year (1985). To the extent that some of the language of that ruling seems to go further, it is of course not entitled to any more weight than is given to a litigant's statement of his position. *Stubbs, Overbeck & Associates v. United States*, 445 F.2d 1142, 1146-1147 (5th Cir. 1971); *Tandy Corp. v. Commissioner*, 92 T.C. 1165 (1989); *Frontier Savings Association v.*

---

[5] The amount of such disallowed investment interest expense for prior years would, of course, be taken into account for the current year under sec. 163(d)(2) for the purpose of applying the limitation under sec. 163(d)(1).

*Commissioner*, 87 T.C. 665, 678 (1986), affd. 854 F.2d 1001 (7th Cir. 1988). Nor are we persuaded, as respondent contends, that paragraph 5 of the stipulation of facts constitutes a concession by petitioners that, in the foregoing context, the amount of the carryover at the end of 1981 is to be treated as a deduction for 1982.[6]

The long and short of the matter is that we view section 163(d) as an instrument of limitation on the deduction for investment interest expense and not as an instrument of creation to allow a deduction not previously allowable or an instrument of destruction to disallow a deduction that would otherwise have previously been allowable. In other words, when an amount of disallowed investment interest expense paid in that year is less than the taxable income for that year, that amount can be carried over indefinitely insofar as the taxable income limitation is concerned,[7] but when that amount is more than the taxable income, the excess over that income may not be carried over to any extent whatsoever. Based on the foregoing, we hold that petitioners may not carry over to 1983 the amount of their unused investment interest expense for 1982 in excess of their taxable income for that year ($11,006 minus $8,095 or $2,911) but may carry over to 1983 the amount of $151,849 that was available as a carryover at the end of 1981.

As an alternative position, petitioners argue that, in the event and to the extent that we hold that their disallowed investment interest cannot be carried over to 1983, they should be allowed to increase their basis in securities by the amount of the disallowed carryover.

Section 1016 provides:

SEC. 1016(a). GENERAL RULE.—Proper adjustment in respect of the property shall in all cases be made—
(1) for expenditures, receipts, losses, or other items, properly chargeable to capital account, but no such adjustment shall be made—
(A) for taxes or other carrying charges described in section 266, or
(B) for expenditures described in section 173 (relating to circulation expenditures),

---

[6]Par. 5 of the stipulation of facts provides as follows:

5. Petitioners reported a total investment interest expense, inclusive of carryovers, of $177,603.00 for the 1982 taxable year.

[7]The limitations of sec. 163(d)(1) would, of course, apply.

for which deductions have been taken by the taxpayer in determining taxable income for the taxable year or prior taxable years.

The regulations under section 1016 provide that no adjustment to basis shall be made in respect of any item which, under any applicable provision of law or regulation, is treated as an item not properly chargeable to capital account but is allowable as a deduction in computing net or taxable income for the year. Sec. 1.1016-2(a), Income Tax Regs. However, an adjustment to basis shall be made for carrying charges, such as taxes and interest, with respect to property (whether real or personal, improved or unimproved, and whether productive or unproductive), which the taxpayer elects to treat as chargeable to capital account under section 266, rather than as an allowable deduction. Sec. 1.1016-2(c), Income Tax Regs.

Under section 266, a taxpayer may elect to capitalize such amounts paid for taxes and carrying charges as are chargeable to capital account rather than immediately deducting these costs. The regulations state that the sole effect of section 266 is to permit the specifically enumerated items to be chargeable to capital account notwithstanding that such items are otherwise expressly deductible. Sec. 1.266-1(b)(2), Income Tax Regs.

Initially, we note that petitioners, who have the burden of proof (Rule 142(a); *Welch v. Helvering, supra*), have presented no evidence upon which any disallowed investment interest expense might be allocated to securities sold in the taxable years before us. Nor have they shown that they made the election under section 266 or the reason why such election was not required of them. Beyond these considerations, however, petitioners' position is directly contrary to *Purvis v. Commissioner*, 65 T.C. 1165 (1976), wherein we held that the taxpayer's disallowed investment interest expense was not "properly chargeable to capital account" under section 266 and therefore could not be added to the taxpayers' basis in securities.

In order to reflect the concessions of the parties and our holdings herein,

*Decision will be entered under Rule 155.*