JOE L. ALLBRITTON AND BARBARA B. ALLBRITTON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Allbritton v. Commissioner
Docket No. 7516-92
United States Tax Court
T.C. Memo 1993-490; 1993 Tax Ct. Memo LEXIS 504; 66 T.C.M. (CCH) 1114; October 26, 1993, Filed *504 For petitioners: Charles W. Hall, Steven E. Segal, John R. Allender, William S. Lee, Ronald W. Adzgery, Steven D. Jensen, and Keith A. Jones. For respondent: Lillian D. Brigman. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: This case is before the Court on petitioners' motion for summary judgment. Respondent determined deficiencies of $ 2,069 and $ 4,914,072.50 in petitioners' Federal income tax for taxable years 1985 and 1986, respectively. Petitioners allege in their motion for summary judgment that there is no genuine issue as to any material fact and that a decision should be rendered as a matter of law that petitioners' carryovers of investment interest expense under section 163(d) for taxable years 1984 and 1985 are not limited by the amount of their taxable income for those years. All statutory references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. The facts in this case are not in dispute. Petitioners resided in Houston, Texas, at the time they filed the petition in this case. During the years at issue, petitioners were married and filed *505 joint Federal income tax returns. In 1984, petitioners paid investment interest expense in excess of $ 10,000 plus their net investment income for the year. Petitioners claimed a deduction for investment interest allowed under section 163(d)(1) and claimed a carryover to 1985 in an amount equal to the amount of investment interest they had not been allowed to deduct currently. The amount of the carryover to 1985 exceeded petitioners' taxable income in 1984. For both 1985 and 1986, a portion of petitioners' investment interest consisted of investment interest that was carried over from the preceding year. Respondent disallowed the section 163(d)(1) deductions claimed by petitioners in taxable years 1985 and 1986 to the extent that the amount of the carryovers to those years exceeded petitioners' taxable income for the prior years. Respondent determined that the amount of excess investment interest that petitioners are permitted to carry over from 1984 to 1985 and from 1985 to 1986 is limited to the amount of their taxable income for 1984 and 1985, respectively. Petitioners' taxable income, investment interest paid, net investment income, and excess investment interest paid for *506 taxable years 1984, 1985, and 1986 are as follows: Excess
Investment
Net Investment
Investment
Year
Taxable Income
Interest Paid
Income
Interest Paid
1984
$   896,180
$ 30,997,667
$ 17,066,455
$ 13,894,872
1985
334,753
29,813,360
16,349,425
$ 10,162,965
1986
13,350,266
26,254,398
29,561,461
-0-
The sole issue for our consideration is whether petitioners' investment interest carryovers for the taxable years at issue are limited by the amount of their taxable income in those years. This issue was first litigated in Beyer v. Commissioner, 92 T.C. 1304 (1989), revd. 916 F.2d 153 (4th Cir. 1990), in which this Court held that a taxable income limitation applies with respect to the carryover of investment interest under section 163(d). The Court of Appeals for the Fourth Circuit reversed our holding, finding that the carryover provision of section 163(d) applies regardless of the taxpayer's total taxable income for the year. [1] In reversing our holding in Beyer, the Court of Appeals reasoned that a lack of taxable income to absorb the excess investment interest in any given year does not prevent *507 the carryover of that investment interest to succeeding years. Recently, in a Court-reviewed opinion, Lenz v. Commissioner, 101 T.C.     (1993), this Court revisited the issue of the limitation on the carryover of investment interest under section 163(d). In light of Lenz v. Commissioner, supra, we hold that petitioners' carryovers of excess investment interest under section 163(d) from taxable years 1984 and 1985 are not limited by the amount of petitioners' taxable income in those years. To reflect the foregoing, An appropriate order and *508 decision will be entered.
Footnotes
1. Appeal of the instant case would lie in the Court of Appeals for the Fifth Circuit, and we are therefore not bound by the Court of Appeals for the Fourth Circuit's holding in Beyer v. Commissioner, 92 T.C. 1304 (1989), revd. 916 F.2d 153 (4th Cir. 1990). Golsen v. Commissioner, 54 T.C. 742, 756-757 (1970), affd. 445 F.2d 985↩ (10th Cir. 1971).