Jeffrey G. **SHARP**, Plaintiff–Appellee,

v.

The **UNITED STATES**, Defendant–Appellant.

No. 93–5111.

United States Court of Appeals, Federal Circuit.

March 29, 1994.

Keith A. Jones, Fulbright & Jaworski, L.L.P., Washington, DC, argued for plaintiff-appellee. With him on the brief were Charles W. Hall, John R. Allender and Ronald W. Adzgery, Fulbright & Jaworski, L.L.P., Houston, TX.

Gilbert Rothenberg, Atty., Dept. of Justice, of Washington, DC, argued for defendant-appellant. With him on the brief were Michael L. Paup, Gary R. Allen and Teresa T. Milton.

Before NEWMAN, LOURIE, and SCHALL, Circuit Judges.

## ON MOTION

LOURIE, Circuit Judge.

### ORDER

On December 28, 1994, this court affirmed a decision of the United States Court of Federal Claims granting summary judgment in favor of taxpayer Jeffrey G. Sharp on his claim for a tax refund and denying the United States' cross-motion for summary judgment. *Sharp v. United States,* 14 F.3d 583 (Fed.Cir.1993). On January 26, 1994, Sharp filed an application to the court in accordance with Federal Circuit Rule 47.7(b)(2) for attorney fees under 26 U.S.C. § 7430 (1988).

An award of attorney fees and expenses is authorized by § 7430 of Title 26 as follows: "[i]n any ... court proceeding which is brought by or against the United States in connection with the ... refund of any tax, interest, or penalty ... the prevailing party may be awarded a judgment [for] reasonable litigation costs incurred in connection with such court proceeding." 26 U.S.C. § 7430(a) (1988). In order to be a "prevailing party" within the meaning of § 7430, a taxpayer must establish that "the position of the United States in the proceeding was not substan-

tially justified." 26 U.S.C. § 7430(c)(4) (1988). The Supreme Court, considering the meaning of the term "substantially justified" in the context of an award of attorney fees against the government, stated that "substantially justified" conveys the connotation "justified to a degree that could satisfy a reasonable person." *See Pierce v. Underwood,* 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988).

Sharp contends that the government's position in *Sharp* was unreasonable and contrary to court precedent. Sharp points out that at the time the government's appeal in *Sharp* was filed, one circuit court had rejected the government's position when it reversed a decision by the Tax Court in favor of the government. *Beyer v. Commissioner,* 916 F.2d 153 (4th Cir.1990).[1] While a string of losses can indicate an unreasonable position, "the fact that one other court agreed or disagreed with the Government does not establish whether its position is substantially justified." *Pierce,* 487 U.S. at 569, 108 S.Ct. at 2552. In fact, at the time the appeal was filed, at least one court had agreed with the government's position. *Beyer v. Commissioner,* 92 T.C. 1304, 1989 WL 66555 (1989). Only one circuit court had disagreed. *Beyer v. Commissioner,* 916 F.2d 153 (4th Cir. 1990). These facts support a conclusion that the government's position was "justified to a degree that could satisfy a reasonable person." *See Pierce,* 487 U.S. at 565, 108 S.Ct. at 2550. With an argument that had substance to it, it was not unreasonable for the government to proceed to appeal in another forum.

Sharp has not established that the position of the United States in *Sharp* was not substantially justified. Thus, he has not shown himself to be a "prevailing party" within the meaning of § 7430. Accordingly, IT IS ORDERED THAT:

Sharp's application for attorney fees be denied.

---

1. Furthermore, ten days before the government's appeal in *Sharp* was filed, a district court entered a decision rejecting the government's position. *Flood v. United States,* 845 F.Supp. 1367 (D.Alaska 1993), *appeal docketed,* No. 93–35429 (9th Cir. Filed May 3, 1993). Also, after the *Sharp* appeal was filed, the Tax Court reversed the position it took in *Beyer* and adopted (with six dissenting judges) the reasoning of the Fourth Circuit against the government. *Lenz v. Commissioner,* 101 T.C. No. 17, 1993 WL 393870 (1993).

PAULINE NEWMAN, Circuit Judge, dissenting.

I would grant the petition, for I do not view governmental relitigation of an issue on which the government has already lost in other tribunals to be "substantially justified" in terms of the fee-shifting statute of the Internal Revenue Code, 26 U.S.C. § 7430.

At the time of its appeal to this court, the government had lost on the identical tax question in the Fourth Circuit, *Beyer v. Commissioner of Internal Revenue,* 916 F.2d 153 (4th Cir.1990) (overruling the Tax Court decision reported at *Beyer v. Commissioner of Internal Revenue,* 92 T.C. 1304, 1989 WL 66555 (1989)); had lost in a district court in the Ninth Circuit, *Flood v. United States,* 845 F.Supp. 1367 (D.Alaska 1993), *appeal docketed,* No. 93–35429 (9th Cir. Filed May 3, 1993); and had lost in the Court of Federal Claims the decision here appealed, *Sharp v. United States,* 27 Fed.Cl. 52 (1992). On appeal, this court held that "the language of § 163(d) is clear and conclusive". Further, after this appeal was filed the government again lost on the same issue in the Tax Court, which expressly decided not to follow its prior ruling. *Lenz v. Commissioner of Internal Revenue,* 101 T.C. No. 17, 1993 WL 393870 (1993).

At oral argument in this case, the government counsel stated, in response to inquiry from the court, that:

> The government has decided despite the loss in the Fourth Circuit, we're going to continue to litigate and the Solicitor General has already twice decided to appeal both this case and the Ninth Circuit case. So unless every court, unless there are six circuits that decide against us and then IRS is going to withdraw, I'm here today because IRS has not decided to withdraw and neither has the Department of Justice. We think we're right.

The value of the government's decision to continue to litigate this question of carryover deduction of investment interest is not before us. However, this exercise should not be at the cost of this taxpayer, who was obliged to litigate the issue despite collateral decisions in his favor. This taxpayer should not have to pay for the government's search for a receptive forum. To obtain reimbursement of attorney fees the taxpayer must establish that the requested fees are reasonable, § 7430(a); that he has exhausted all administrative remedies, § 7430(b)(1); that the taxpayer satisfies the net worth limitations of the Equal Access to Justice Act, 28 U.S.C. § 2412(d); and that the taxpayer is a "prevailing party", § 7430(c)(4). The government does not dispute this taxpayer's compliance with the first three criteria. Nor does the government dispute that this taxpayer has "substantially prevailed with respect to the amount in controversy" or "with respect to the most significant issue or set of issues presented", 26 U.S.C. §§ 7430(c)(4)(A)(ii) (I, II). The only question is whether the position of the government was "substantially justified", in accordance with the policy underlying this fee-shifting statute.

In determining whether the government's position is "substantially justified," the courts are not limited to considering the cogency of the government's arguments or the closeness of the issue on the merits. The courts may consider all of the circumstances of the litigation. As discussed in the legislative history, this includes consideration of "the facts and legal precedents relating to the case". H.R.Conf.Rep. No. 841, 99th Cong., 2d Sess. II–800 (1986), *reprinted in* 1986 U.S.C.C.A.N. 4075, 4888.

In this case the initial Tax Court decision, which was reversed by the Fourth Circuit, has not yet been followed by any court, and has been rejected by the Tax Court itself. While the government may indeed raise arguments of substance as it relitigates this issue from forum to forum, there comes a time when such relitigation crosses the threshold of "substantially justified" in the context of the purpose of the fee-shifting statute. Whether or not the government may eventually prevail on this issue in some court in the future, fundamental fairness precludes requiring successive taxpayers to bear the cost of this litigation. Thus I respectfully dissent from the decision to deny attorney fees to Mr. Sharp.