**James J. FLOOD; Joan L. Flood, Plaintiffs–Appellees,**

v.

**UNITED STATES of America, Defendant–Appellant.**

**No. 93–35429.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 4, 1994.

Decided Aug. 31, 1994.

Gilbert S. Rothenberg, Tax Div., U.S. Dept. of Justice, Washington, DC, for defendant-appellant.

John D. Hollinrake, Jr., Bogle & Gates, Seattle, WA, for plaintiffs-appellees.

Before: PREGERSON, CANBY, and BOOCHEVER, Circuit Judges.

PREGERSON, Circuit Judge:

The United States appeals from the decision of the district court granting summary judgment in favor of James and Joan Flood in their claim for an income tax refund. The sole issue before us is whether the amount of investment interest that could be carried forward under § 163(d) of the Internal Revenue Code in effect between 1983 and 1986,[1] 26 U.S.C. § 163(d), was limited by the taxpayer's taxable income in the year that the investment interest was paid or accrued. We have jurisdiction under 28 U.S.C. § 1291. We hold that the amount that may be carried forward is not limited by the amount of taxable income. We therefore affirm.

## BACKGROUND

"Investment interest" is defined, generally, as "interest paid or accrued on indebtedness incurred ... to purchase or carry property held for investment." I.R.C. § 163(d)(3)(i). It is a deductible expense under I.R.C. § 163(a).

In 1969, Congress amended the tax code to limit the amount of investment interest that could be deducted in any taxable year. *See* Pub.L. No. 91–172, tit. II, § 221(a), 83 Stat. 574 (1969). As amended in 1976, the § 163(d)(1) limitation on deduction of investment interest was equal to the taxpayer's net investment income during the taxable year plus $10,000.[2] When Congress imposed a limit on the investment interest deduction, it also for the first time allowed taxpayers to carry forward to following years "the amount not allowable as a deduction solely by reason of [this] limitation." I.R.C. § 163(d)(1).

During the four tax years from 1983 through 1986, the Floods paid or accrued a total of about $2 million in investment interest but earned only about $800,000 in invest-

1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect during the years 1983–86.

2. Section 163 was again amended in 1986 in § 511(a) of the Tax Reform Act of 1986, Pub.L. No. 99–514. These changes took effect for tax years beginning after December 31, 1986. The version of § 163(d) applicable to the Floods' claim is that in effect between the 1976 and 1986 amendments. *See Sharp v. United States*, 14 F.3d 583, 584 n. 3 (Fed.Cir.1993). *See also* I.R.C. § 163(d)(6)(A)(iii) (1987) (keying amount of interest disallowed under § 163 in 1988 to the amount disallowed for the preceding tax years).

For the years in question, § 163(d), entitled "Limitation on interest on investment indebtedness," provided in relevant part:
    (1) *In general.*—In the case of a taxpayer other than a corporation, the amount of investment interest ... otherwise allowable as a deduction under this chapter shall be limited, in the following order, to—
      (A) $10,000 ($5,000, in the case of a separate return by a married individual), plus
      (B) the amount of the net investment income ... for the taxable year.

      \*    \*    \*    \*    \*    \*

    (2) *Carryover of disallowed investment interest.*—The amount of disallowed investment interest for any taxable year shall be treated as investment interest paid or accrued in the succeeding taxable year.
    (3) *Definitions*

      \*    \*    \*    \*    \*    \*

    (D) *Disallowed investment interest.*—The term "disallowed investment interest" means with respect to any taxable year, the amount not allowable as a deduction solely by reason of the limitation in paragraph (1).

ment income. Because their investment income did not exceed their investment interest in any single year, § 163(d)(1) capped the total amount of investment interest that the Floods could deduct during the four years at $800,000. This left about $1.2 million in interest that was not allowable because of § 163(d)(1).

In their 1987 joint return, the Floods for the first time reported a surplus of net investment income earned over investment interest paid. The surplus was approximately $900,000. Thereafter, they filed an amended return in which they claimed a $900,000 deduction, derived from carrying forward, under § 163(d)(2), a portion of the $1.2 million excess investment interest which they had carried forward during the tax years 1983–1986. The IRS allowed the deduction, although the government now claims that the IRS erred in doing so.

The Floods' 1988 tax return also showed a surplus of net investment income over investment interest. They again filed an amended return, this time claiming as a deduction the remaining $300,000 of excess investment interest that they had not claimed as a deduction the year before. This time the IRS disallowed the deduction. The IRS reasoned that the carryover provided in § 163(d)(2) was limited in any given tax year to the amount of taxable income (adjusted gross income minus itemized deductions and exemptions) reported during that year, and that any excess could not be carried forward.[3]

Over the four years in question (1983–86), the IRS calculated that the Floods were entitled to carry forward about $490,000. The IRS noted that the Floods had already been permitted to carry forward and deduct *more* than this the previous year, through what it characterized as its error. IRS therefore concluded that there was no more investment interest carryover from previous years to deduct in the 1988 tax year, which is the year in question.

The Floods appealed the IRS's ruling to the district court. The parties stipulated to the above facts and submitted the matter for summary judgment. The district court found in favor of the Floods, and the government now appeals the district court's decision, 845 F.Supp. 1367.

## DISCUSSION

A number of courts, including two federal appellate courts, have addressed the precise question before us today.[4] Of these, only one tax court decision—the first to rule upon the issue—ruled in favor of the government. *Beyer v. Commissioner*, 92 T.C. 1304, 1989 WL 66555 (1989), *rev'd*, 916 F.2d 153 (4th Cir.1990). All other courts have agreed that the amount of investment interest that a taxpayer may carry forward under § 163(d) is *not* limited by the amount of the taxpayer's taxable income in the year that the full amount of investment interest was not allowed as a deduction. The single tax court case that found otherwise was reversed by

---

**3.** For example, in 1983, the Floods reported paying about $325,00 in investment interest, but could only deduct about $155,000 of this amount on their 1983 tax return because of the limitation contained in § 163(d)(1). That left about $170,000 of investment interest that was not deducted that year.

In the same year, the Floods reported about $200,000 in gross income. They claimed the maximum investment interest deduction of $155,000 to which they were entitled to under § 163(d)(1). They also claimed another $40,000 in itemized deductions and exemptions, for a total of $195,000 in itemized deductions and exemptions. That left about $5,000 in taxable income reported on their 1983 tax return ($200,-000–$195,000).

The Floods believed they were entitled to carry forward to the following year the full $170,000 in

investment interest that they did not use as a deduction in their 1983 tax return. But in the IRS's view, the Floods could only carry forward an amount limited by their total taxable income of $5,000. As the IRS saw it, the remainder of the $170,000 ($165,000) of 1983 investment interest was lost forever.

**4.** The others are: *Beyer v. Commissioner*, 92 T.C. 1304, 1989 WL 66555 (1989), *rev'd*, 916 F.2d 153 (4th Cir.1990); *Sharp v. United States*, 14 F.3d 583 (Fed.Cir.1993), *aff'g*, 27 Fed.Cl. 52 (Oct. 30, 1992); *Richardson v. United States*, Civ. No. 92–2267–T, 1994 WL 117046 (W.D.Okl., Jan. 18, 1994); *Allbritton v. Commissioner*, T.C. Memo. 1993–490, 1993 WL 432445 (Oct. 26, 1993); *Lenz v. Commissioner*, 101 T.C. No. 17 Prentiss Hall 101–133, 1993 WL 393870 (Sept. 30, 1993) (en banc); plus the district court in the case at bar.

the Fourth Circuit, and the tax court's conclusion was later explicitly disapproved of by an en banc panel of the tax court. *Lenz v. Commissioner,* 101 T.C. No. 17 Prentiss Hall 101–133, 1993 WL 393870 (Sept. 30, 1993) (en banc). The government in the case at bar presents no new evidence or arguments that have not previously been addressed by the other courts.

When interpreting a statute we begin by seeking to determine its meaning based on its plain language. Where the statute's language is unambiguous, its plain meaning controls except in those "rare cases where literal application 'will produce a result demonstrably at odds with the intentions of the drafters.'" *Almero v. INS,* 18 F.3d 757, 760 (9th Cir.1994) (quoting *Griffin v. Oceanic Contractors, Inc.,* 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). Here, the language of the statute is unambiguous, and its legislative history does not require us to reach a result contrary to its plain meaning.

**(1) Plain Meaning.**

The dispute between the IRS and the taxpayers centers on the meaning of the definition of "disallowed investment interest" that may be carried forward under § 163(d)(2) to subsequent years. Section 163(d)(3)(E) provides that "[t]he term 'disallowed investment interest' means with respect to any taxable year, the amount not *allowable as a deduction solely* by reason of the limitation in [§ 163(d)(1) ]." (Emphasis added.)

This definition tells us that the amount of "disallowed investment interest" does not qualify for the carryover unless the "sole" reason that it is not allowable as a deduction is because of the limitation in § 163(d)(1). The IRS argues that the limitation in § 163(d)(1) is *not* the sole reason why the amount by which investment interest exceeds taxable income in a given year is "not allowable as a deduction" in that year. Rather, the IRS contends that this excess amount *also* is not allowable as a deduction because there happens to be no taxable income for it to offset: a deduction in a given tax year in excess of taxable income would provide no tax benefit in the year taken.

The problem with the IRS's position is that it misconstrues the meaning of "allowable as a deduction." Although not explicitly defined in the tax code, these words are a term of art, with a fixed meaning in the tax arena. *Lenz v. Commissioner,* 101 T.C. 17, 1993 WL 393870. A deduction is "allowable" if it is "permitted and not otherwise forbidden or limited by the [code], whether or not [the deduction is] actually used and regardless of [its] lack of tax benefit." *Sharp,* 14 F.3d at 588.

There are two elements to this definition. First, the deduction must be "permitted" by the tax code. Other than the limitation contained in § 163(d)(1), the *full* amount of investment interest paid or accrued in a given year would clearly be permitted under § 163(a) as a deduction. Second, the deduction must not be otherwise limited or forbidden in the tax code. The only limitation on the deductibility of investment interest in the tax code is that contained in § 163(d)(1). Therefore, the *full* amount of investment interest paid or accrued in a given year would be "allowable as a deduction" in that year, limited only by the provisions of § 163(d)(1). It is of no avail for the IRS to point out that such a deduction, if it exceeded taxable income in the year accrued or paid, would not produce a tax benefit in that tax year. While that is so, the amount still may be "allowable as a deduction." An expense may be "allowable as a deduction" even if it would produce no tax benefit. *Sharp,* 14 F.3d at 588.

Therefore, contrary to the IRS's position, the § 163(d)(1) limitation is the "sole" reason that the full amount of investment interest is not "allowable as a deduction" in the taxable year in which it is paid or accrued. It follows that under § 163(d)(2) the full amount of such investment interest disallowed because of § 163(d)(1) in a given year may be carried forward to subsequent tax years, without regard to taxable income.

**(2) Purpose and Legislative History.**

Against this argument, the government counterpoises its interpretation of the purpose and legislative history of § 163(d). All of the courts to examine the issue have con-

cluded that the purpose of § 163(d) was to prevent a mismatching of investment income and the related expenses of earning that income. *See, e.g., Lenz*, 101 T.C. 17, 101–133, at 101–137, 1993 WL 393870 (citing, Hearings on H.R. 13270 Before the Senate Comm. on Finance, 91st Cong., 1st Sess., 637–640 (1969)). This purpose does not conflict with the interpretation we adopt here, which permits taxpayers to deduct *exactly* as much investment interest as they eventually may earn in investment income.

Nevertheless, the government argues that the legislative history of § 163(b) suggests otherwise. It is true that there is legislative history that tends somewhat to support the government's position, but not sufficiently so as to convince us that the section's plain meaning is demonstrably at odds with congressional intent.

The most compelling portion of the legislative history pointed to by the IRS is contained in the House Report accompanying the initial draft of § 163, which stated that "[a] carryover would not be available ... for disallowed interest to the extent it exceeded the taxpayer's taxable income for the year." H.R.Rep. No. 91–413, Pt. 1, 91st Cong., 1st Sess. at 246 (1969) U.S.Code Cong. & Admin.News 1969, at 1645, 1720 ("1969 House Report").

But the force of this passage is greatly diminished by the fact that it interpreted a *draft* of § 163(d) that was rejected by the Senate and then replaced, in modified form, by the Conference Committee that eventually reported the amendment. *See* Conf.Rep. 91–782, 91st Cong., 1st Sess. at 300 ("1969 Conference Report"). Whereas the initial House version defined the carryover amount as "the amount *disallowed* as a deduction solely by reason of the limitation in paragraph (1)." 1969 House Report at 155, the final version accepted by the Conference Committee permitted carryover of "the amount *not allow-*

*able* as a deduction solely by reason of the limitation in paragraph (1)." 1969 Conference Report at 95.[5]

Because of the critical difference between the meanings of "not allowable" and "disallowed," the House Report interpretation is accurate as a description of the meaning of the *House* version of § 163, but not as a description of the meaning of the *final* version. We find it significant that the House Report interpretation was not included in the Conference Report that interpreted the final version of § 163(d).

The government also points to passages in various legislative materials published *after* 1969, but these materials are not convincing. The legislative history of the 1976 amendment, cited by the government, is ambiguous. The government also cites the General Explanation of the Tax Reform Act of 1969, 91st Cong., 2d Sess., 100 (1970) (the "Blue Book") prepared by the staff of the Joint Committee on Taxation, which contained an interpretation that supports the government's position. But the Blue Book is not properly characterized as legislative history because it was written after passage of the legislation and therefore did not inform the decisions of the members of Congress who voted in favor of the Act. *See Slaven v. BP America*, 973 F.2d 1468, 1475 (9th Cir.1992) (after-the-fact legislative observations generally of minimal assistance in interpreting statutes).

In short, the legislative history pointed to by the government is weak. We are therefore bound by the plain meaning of § 163(d), and conclude, as has every other appellate court considering this issue, that the carryover permitted by § 163(d)(2) is not limited by the amount of taxable income in the year the investment interest is paid or accrued.

AFFIRMED.

---

**5.** The words "allowed as a deduction" and "allowable as a deduction" do not carry the same meaning in the tax code. Compare, for example, the definition of *"allowable* deduction," at 10057 supra, with the definition of *"allowed* deduction" contained in *Lenz*, 101 T.C. 17, 101–133 at 135–36, 1993 WL 393870 (" 'allowed deduction' ... refers to a deduction granted by the Internal

Revenue Service which is actually taken on a return and will result in a reduction of the taxpayer's income tax"). Deductible expenses that exceed taxable income may be *disallowed* because they will not result in reduction of the taxpayer's income tax, but they are nevertheless *allowable* unless forbidden elsewhere in the tax code.