**Carroll HAAS and Elaine Haas, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. 4:93–CV–158.**

United States District Court,
W.D. Michigan,
Southern Division.

July 19, 1994.

John A. Campbell, Curtis E. Hall, Miller, Canfield, Paddock & Stone, Kalamazoo, MI, for plaintiffs.

Agnes M. Kempker–Cloyd, Asst. U.S. Atty., Michael H. Dettmer, U.S. Atty., Grand Rapids, MI, Doris D. Coles, Beth A. Westerman, U.S. Dept. of Justice, Tax Div., Washington, DC, for defendant.

### OPINION

QUIST, District Judge.

Plaintiffs Carroll and Elaine Haas brought this action to recover a tax refund of $48,-511.00 plus interest, costs and attorneys' fees. This matter is presently before the Court on cross motions for summary judgment. The parties agree that the material facts are not in dispute.

### Factual Background

On February 11, 1991, plaintiffs filed claim forms with the Internal Revenue Service

---

seeking a refund of $21,400.00 for taxable year ending December 31, 1985, $25,486.00 for taxable year ending December 1986 and $1,625.00 for taxable year ending December 1987. Plaintiffs' refund claims were based upon a carryover of unused investment interest expenses for prior taxable years pursuant to section 163(d) of the Internal Revenue Code (IRC).

The Internal Revenue Service (IRS) disallowed plaintiffs' refund claims. In a Notification of Disallowance dated November 15, 1991, the IRS stated "[a] carryover is not available for disallowed interest to the extent it exceeds the taxpayer's taxable income for the year the interest is paid or accrued." IRS Notice, Explanation of Items, at p. 3. According to the IRS, plaintiffs' claimed carryover investment interest exceeded their taxable income during the years in which the interest was paid or accrued and, therefore, the expenses were not allowable. In the Notice, the IRS acknowledged that the Fourth Circuit Court of Appeals has ruled that an investment interest carryover is an allowable deduction. However, it stated, "[t]he Internal Revenue Service does not concur with nor will follow the 4th circuit decision in circuits other than the 4th." IRS Notice at p. 2. Plaintiffs filed this action challenging the disallowance.

## Legal Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56. The rule requires that the disputed facts be material. Material facts are facts which are defined by substantive law and are necessary to apply the law. A dispute over trivial facts which are not necessary in order to apply the substantive law does not prevent the granting of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The rule also requires the dispute to be genuine. A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.* This standard requires the non-moving party to present more than a scintilla of evidence to defeat the motion.

The summary judgment standard mirrors the standard for a directed verdict. The only difference between the two is procedural. Summary judgment is made based on documentary evidence before trial, and directed verdict is made based on evidence submitted at trial. 477 U.S. at 250–51, 106 S.Ct. at 2511.

A moving party who does not have the burden of proof at trial may properly support a motion for summary judgment by showing the court that there is no evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324–25, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). If the motion is so supported, the party opposing the motion must then demonstrate with "concrete evidence" that there is a genuine issue of material fact for trial. *Id.; Frank v. D'Ambrosi*, 4 F.3d 1378, 1384 (6th Cir.1993). The court must draw all inferences in a light most favorable to the non-moving party, but the court may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Financial Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir.1992) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

## Legal Analysis

This case presents an issue of first impression within the Sixth Circuit relating to the carryover provision of § 163(d)(2) of the IRC. The issue is whether 26 U.S.C. § 163(d), which allows a taxpayer to carry over certain investment interest from one year to the next, limits the amount of deductible investment interest to the amount of taxable income claimed for the year in which the investment interest was paid or accrued. The United States maintains that the carryover permitted by Section 163 is limited to a taxpayer's taxable income for the year in which the investment interest was paid or accrued. Plaintiffs argue that the investment interest expense that a taxpayer is not able to deduct in the year in which it is incurred because of the taxpayer's limited amount of income may be carried over, with-

out limitation, to future tax years. Indeed, plaintiffs point out that all courts that have addressed this issue, including two federal courts of appeal and three federal district courts, have come to this conclusion.[1] It is the United States' position that these cases were wrongly decided.

When interpreting a statute, one must first turn to its language. *Mallard v. United States Dist. Court*, 490 U.S. 296, 300–301, 109 S.Ct. 1814, 1817, 104 L.Ed.2d 318 (1989). During the relevant tax years, Section 163 of the IRC provided in part:

§ 163 Interest

(a) **General Rule**

There shall be allowed as a deduction all interest paid or accrued within the taxable year on indebtedness.

&ast; &ast; &ast; &ast; &ast; &ast;

(d) **Limitation on Interest on Investment Indebtedness**

(1) **In general**

In the case of a taxpayer other than a corporation, the amount of investment interest (as defined in paragraph (3)(D)) otherwise allowable as a deduction under this chapter shall be limited, in the following order, to—

(A) $10,000 . . . , plus

(B) the amount of the net investment income (as defined in paragraph (3)(A))

(2) **Carryover of disallowed investment interest**

The amount of disallowed investment interest for the taxable year shall be treated as investment interest paid or accrued in the succeeding taxable year.

(3) **Definitions**

For purposes of this subsection—

&ast; &ast; &ast; &ast; &ast; &ast;

(A) **Net Investment Income**

The term "net investment income" means the excess of investment income over investment expenses

(E) **Disallowed investment interest**

The term "disallowed investment interest" means with respect to any taxable year, the amount not allowable as a deduction solely by reason of the limitation in paragraph (1).

26 U.S.C. § 163 (1982 and Supp. III 1985).

Section 163(a) provides generally that taxpayers may deduct interest payments. However, Section 163(d)(1) limits the investment interest deduction that a taxpayer may take within a tax year to $10,000 plus the amount of the taxpayer's net investment income. Section 163(d)(2) permits a taxpayer to carry over the amount of disallowed investment interest for any taxable year. "Disallowed investment interest" is defined in Section 163(d)(3)(E) as that "amount not allowable as a deduction solely by reason of the limitation in paragraph (1)."

Plaintiffs' investment interest otherwise allowable as a deduction was limited by subsection (d)(1) to $10,000 plus the amount of their net investment income. Plaintiffs maintain that Section 163(d)(1) is the only provision of the IRC that rendered any portion of their investment interest "not allowable as a deduction." Therefore, according to plaintiffs, that interest constituted "disallowed investment interest" eligible for carryover pursuant to the unambiguous language of Section 163(d)(2).

The United States insists that the plaintiffs' excess investment interest does not qualify as "disallowed investment interest," and, thus, cannot be carried over and deducted in subsequent years. The United States acknowledges that a cursory reading of Section 163(d) may appear to support plaintiffs' argument. However, the United States contends that when read in the context of the entire section, the provision does not allow a taxpayer to carry over an unusable interest expense deduction in excess of taxable income.

According to the United States, the carryover permitted by Section 163 is limited to a taxpayer's taxable income for the year in

---

1. *See Beyer v. Commissioner of Internal Revenue,* 916 F.2d 153 (4th Cir.1990); *Sharp v. United States,* 14 F.3d 583 (Fed.Cir.1993); *Flood v. United States,* 845 F.Supp. 1367 (D.Alaska 1993); *Weiner v. United States,* No. 92–00395, 1993 WL 738461 (D.Neb. Dec. 21, 1993); *Lenz v. Commissioner of Internal Revenue,* 101 T.C. 260, 1993 WL 393870 (1993).

which the investment interest was paid or accrued. The United States argues that the principle of annual tax accounting dictates that interest expense in excess of taxable income does not confer any tax benefit. "[I]f any amount of deduction exceeds a taxpayer's taxable income in the year that the deductible expense was paid or accrued, that amount would confer no tax benefit for the taxable year, since the amount of tax due would be the same whether taxable income was zero or less." United States' brief at p. 4.

The United States further argues that when enacting this statute, Congress intended to limit, not expand, the availability of the investment interest deduction. Thus, Congress did not intend to permit a carryover of investment interest that exceeded taxable income in a year. According to the United States, Section 163(d)(1) placed a further limitation on the deductibility of investment interest. In support of its position the United States cites the legislative history of Section 163 including a 1969 House Report which stated: "[y]our committee does not believe it is appropriate to allow an individual taxpayer to currently deduct interest expense on funds borrowed for investment purposes where the interest expense is substantially in excess of the taxpayer's investment income." H.R.Rep. No. 91–413, Pt. 1, 91st Cong., 1st Sess. at 72, U.S.Code Cong. & Admin.News 1969, pp. 1645, 1719 (1969–3 Cum.Bull. 200, 245). It also cites the General Explanation of the Tax Reform Act of 1969 (the "Blue Book") which was prepared after the enactment of the statute and states:

> A carryover is not available for disallowed interest to the extent it exceeds the taxpayer's taxable income for the year the interest is paid or accrued (that is, to the extent the disallowed interest would not have reduced the taxpayer's taxable income).

Staff of the Joint Committee on Taxation, 91st Cong., 2d Sess. at 100 (1970).

Plaintiffs counter that no principle of general accounting should be permitted to override the plain language of the statute. Plaintiffs argue that Section 163(d)(2) is a specific savings provision which permits investment interest incurred in one year to be carried over and used in a succeeding year. With regard to the United States' argument pertaining to legislative history, plaintiffs submit that this Court should not even consider the legislative history of the statute because the statute is unambiguous. They cite *Burlington N. R. R. Co. v. Oklahoma Tax Comm'n*, 481 U.S. 454, 461, 107 S.Ct. 1855, 1859, 95 L.Ed.2d 404 (1987) ("unless exceptional circumstances dictate otherwise, when the terms of a statute are unambiguous, judicial inquiry is complete.")

In *Sharp v. United States*, 14 F.3d 583 (Fed.Cir.1993), the court found that the language of Section 163(d) was clear and unambiguous. Thus, its duty was to enforce this statute as written. "We need not resort to the legislative history, however, because the language of § 163(d) is clear and conclusive." *Id.* at 589.

Plaintiffs assert that much of the legislative history relied upon by the United States in support of its position is highly unreliable. The 1969 House Report which the United States referred to in its brief was discussed in *Beyer v. Commissioner of Internal Revenue*, 916 F.2d 153 (4th Cir.1990). The court in *Beyer* noted that the House Report was rejected by the Senate and then modified in conference. *Id.* at 156. The *Beyer* court stated:

> Our reading of the legislative history leads to the conclusion that it contains inconsistent references with regard to an implicit limitation based on taxable income. Where the legislative history is inconclusive, it should not be relied upon to supply a provision not expressly in the statute. We therefore find that Congress did not intend to impose a limitation on the carryover of investment interest based on taxable income.

*Id.* at 157 (citation omitted).

This Court finds that the plain language of the statute permits a taxpayer to carry over investment interest expense which the taxpayer was unable to deduct in the year in which it was incurred because of the taxpayer's limited amount of net investment income. The legislative history fails to convince the

Court that the carryover was limited to a taxpayer's taxable income for the year in which the investment interest was paid or accrued.

Accordingly, the plaintiffs' motion for summary judgment will be granted and the defendant's motion for summary judgment will be denied. No attorneys' fees will be awarded.