**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 94-40277
Summary Calendar

JOE L. & BARBARA B. ALLBRITTON,

Plaintiff-Appellee,

versus

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellant.

Appeal from a Decision of the United States Tax Court

(October 25, 1994)

Before DUHÉ, WIENER, and STEWART, Circuit Judges.

PER CURIAM:

In this appeal from the Tax Court's grant of plaintiffs-appellees' motion for summary judgment, the defendant-appellant Commissioner of Internal Revenue (Commissioner) asserts error in the court's determination that Section 163(d)(2) of the Internal Revenue Code permits a taxpayer to carry over and deduct investment interest expense in excess of taxable income. We review this question of law de novo.[1]

The plaintiffs-appellees (Taxpayers) claimed deductions in

_____

[1] See Harris v. Commissioner, 16 F.3d 75, 81 (5th Cir. 1994).

1985 and 1986 for carryover investment interest expense that was not deductible in 1984 under Section 163(d)(1).[2] The carryover to 1985 exceeded the Taxpayers' taxable income in 1984, and the carryover to 1986 exceeded their taxable income for 1985. The Commissioner determined deficiencies with respect to the Taxpayers' 1985 and 1986 tax years, asserting that under Section 163(d)(2) of the Code, the Taxpayers could only carry over an amount of investment interest expense that did not exceed their taxable income for the year. The Taxpayers contested this determination in Tax Court, maintaining that Section 163(d) did not limit the investment interest carryover to the year's taxable income, and the Tax Court granted their motion for summary judgment.

We cannot find a single published opinion supporting the Commissioner's position. In Beyer v. Commissioner[3], the Fourth Circuit considered and decided this very issue. After thoroughly reviewing the legislative history of Section 163(d), that court found that "Congress did not intend to impose a limitation on

_____

[2]Section 163(d) provides that the amount of investment interest allowable as a deduction is limited to $10,000 plus the amount of net investment income for the year. See 26 U.S.C. §163(d)(1). It further provides for a carryover of disallowed investment interest (that amount exceeding the Section 163(d)(1) limitation) for any taxable year to the succeeding taxable year. See 26 U.S.C. § 163(d)(2).

[3]916 F.2d 153 (4th Cir. 1990).

the carry-over of investment interest based on taxable income."[4] Since the Beyer decision, every court that has considered this issue - - two other Courts of Appeals and several district courts - - have also rejected the Commissioner's position, finding that the carryover deduction of investment interest is not limited to taxable income.[5]

We agree with the reasoning in these cases and conclude, as did they, that in enacting Section 163(d), Congress evidenced no intent to limit the investment interest expense carryover to the amount of a taxpayer's taxable income. Here, the Taxpayers were entitled to their claimed deductions of investment interest expense for 1985 and 1986, and the district court properly granted their motion for summary judgment.

The government's assessment of deficiencies in the Taxpayers' income taxes, and its appeal based on the same statutory interpretation previously rejected by the Fourth

---

[4]Id. at 157. The Fourth Circuit in Beyer reversed the Tax Court's ruling in favor of the government. Subsequently, the Tax Court explicity held invalid its previous decision. See Lenz v. Commissioner, 101 T.C. 260, 261 (1993)(en banc)(stating that "[u]pon reconsideration of our opinion in Beyer, we now think it to be incorrect").

[5]See Flood v. United States, No. 93-35429, 1994 WL 467307 (9th Cir. Aug. 31, 1994); Sharp v. United States, 14 F.3d 583 (Fed. Cir. 1993); Haas v. United States, No. 4:93-CV-158, 1994 WL 460545 (W.D. Mich. Jul. 19, 1994); Richardson v. United States, No. Civ. 92-2267-T, 1994 WL 117046 (W.D. Okla. Jan. 18, 1994), appeal docketed, No. 94-6107 (10th Cir. Mar. 21, 1994); Weiner v. United States, No. 8:CV-92-00395, 1993 WL 738461 (D.Neb. Dec. 21, 1993).

3

Circuit, the Federal Circuit, and several district courts[6] constitutes "circuit-shopping" at the Taxpayers' expense in the hopes of creating a circuit conflict.  Under 26 U.S.C. § 7430, a taxpayer who establishes that "the position of the United States in the proceeding was not substantially justified" may recover the reasonable costs of litigation.[7]  The Commissioner's repeated losses on the identical issue establishes beyond serious question that the government's actions in assessing the deficiencies, litigating again an issue so consistently lost, and appealing the grant of the Taxpayers' motion for summary judgment, were not "justified to a degree that could satisfy a reasonable person."[8]

We have previously ruled that, while the Commissioner is free by law to relitigate prior lost issues in other circuits, he does so at the risk of incurring the obligation to reimburse the taxpayer.[9]  Therefore, in continuing to litigate this issue despite constant jurisprudence to the contrary, the Commissioner

---

[6]The Ninth Circuit's decision in Flood v. United States, dated August 31, 1994, came after the government's appeal in this case.

[7]See 26 U.S.C. § 7430(c)(4)(defining "prevailing party"). Section 7430 of Title 26 provides that "[i]n any . . . court proceeding which is brought by or against the United States in connection with the . . . refund of any tax, interest, or penalty . . . the prevailing party may be awarded a judgment [for] reasonable litigation costs incurred in connection with such court proceeding."  26 U.S.C. § 7430(a)(1988).

[8]See Pierce v. Underwood, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490, 504 (1988)(defining the term "substantially justified" for purposes of awarding attorney fees against the government).

[9]See Estate of Perry v. Commissioner, 931 F.2d 1044, 1046 (5th Cir. 1991).

4

is not substantially justified and should bear all reasonable costs of Taxpayers' litigation.

For the foregoing reasons, we affirm the Tax Court's order granting the Taxpayers' motion for summary judgment and invite counsel for the Taxpayers to file an application in accordance with Federal Circuit Rule 47.7(b)(2) for reasonable costs, including attorney fees, under 26 U.S.C. § 7430.

AFFIRMED.