10-4183-ag
Wilmington Partners v. Commissioner

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 10th day of September, two thousand twelve.

PRESENT:
        DENNY CHIN,
        RAYMOND J. LOHIER, JR.,
                <u>Circuit Judges</u>,
        EDWARD R. KORMAN,
                <u>District Judge</u>.*

- - - - - - - - - - - - - - - - - - - - -x

WILMINGTON PARTNERS L.P., WILMINGTON
MANAGEMENT CORP., Tax Matters Partner,
        <u>Petitioners-Appellees</u>,

                -v.-                                10-4183-ag

COMMISSIONER OF INTERNAL REVENUE,
        <u>Respondent-Appellant</u>.

- - - - - - - - - - - - - - - - - - - - -x


FOR PETITIONERS-APPELLEES:        GREGORY G. GARRE (Kim Marie
                                  Boylan, <u>on the brief</u>), Latham
                                  & Watkins, L.L.P., Washington,
                                  D.C.; Roger J. Jones and
                                  Andrew R. Roberson, McDermott
                                  Will & Emery, Chicago,
                                  Illinois, <u>on the brief</u>.

---

        *        The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

FOR RESPONDENT-APPELLANT:    JOAN I. OPPENHEIMER (Damon
                             Taaffe, Michael J. Haungs, on
                             the brief), for Gilbert S.
                             Rothenberg, Acting Deputy
                             Assistant Attorney General,
                             Tax Division, Department of
                             Justice, Washington, D.C.

Appeal from orders of the United States Tax Court (Kroupa, J.) entered on May 28, 2010 and July 19, 2010.

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the tax court are **AFFIRMED** in part and the case is **REMANDED** for further proceedings.

Respondent-appellant Commissioner of Internal Revenue appeals from the tax court's order and decision entered May 28, 2010, and its order entered July 19, 2010, in favor of petitioners Wilmington Partners, L.P., and its tax matters partner, Wilmington Management Corp. (together, "Wilmington").

Decisions of the tax court are reviewed de novo, and its findings of fact are reviewed for clear error. Robinson Knife Mfg. Co. v. Comm'r, 600 F.3d 121, 124 (2d Cir. 2010). Mixed questions of law and fact are also reviewed for clear error. Wright v. Comm'r, 571 F.3d 215, 219 (2d Cir. 2009). The tax court's interpretation of federal statutes is reviewed de novo. Id.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

In 1993, to restructure short-term debt, Bausch & Lomb Incorporated ("B&L") and several other entities formed

-2-

Wilmington.  One partner, B&L International Holdings Corp. ("BLIHC"), contributed a reset note with a face value of $550 million (the "Note").[2]  BLIHC had previously received the Note from a subsidiary, and it treated the Note as having a basis of $550 million.  Wilmington treated the Note as having a fair market value and basis of $550 million.

In 1996, the Commissioner commenced an audit of Wilmington's partnership return for its 1993 tax year.  On March 23, 2000, the Commissioner issued a "No Adjustments Letter," proposing to make no adjustments to Wilmington's 1993 partnership return, and thereby closing the audit.

In June 1999, B&L restructured Wilmington, terminating the partnership for tax purposes.  As a consequence, Wilmington filed two partnership returns for "short" years:  the first for the 1999-1 tax year, ending June 4, 1999, and the second for the 1999-2 tax year, ending December 25, 1999.

The restructuring involved several transactions.  In one of those transactions, BLIHC sold its interest in Wilmington and reported a long-term capital loss of $347,910,187, based at least in part on a claimed basis for the Note of $550 million.  B&L could not use all of the capital losses in 1999, so it carried the loss back to 1998 and forward to 2001, 2002, 2003, and 2004.

---

[2]     A reset note is a note with an interest rate that "resets" periodically.  See In re Ames Dep't Stores, Inc. Note Litig., 991 F.2d 968, 969-70 n.1 (2d Cir. 1993).

-3-

Wilmington filed its 1999-1 return on April 6, 2000. It filed its 1999-2 return on June 6, 2000, reporting a capital loss of $643,790, based on a value for the Note of $550 million.

The Commissioner examined Wilmington's returns for the two 1999 short taxable years. On May 12, 2006, the Commissioner issued a Notice of Final Partnership Administrative Adjustment ("FPAA") to Wilmington for the two years, reducing the basis of the Note from $550 million to zero. The Commissioner took the position that Wilmington had overstated its basis in the Note; he consequently increased Wilmington's long-term capital gain for 1999-2 by $189,882,108.

Wilmington commenced this action below alleging, inter alia, that the adjustments for 1999-2 -- made substantially more than three years but less than six years after Wilmington filed its return -- were time-barred by the statute of limitations for tax assessments. See I.R.C. § 6501(a). In response, the Commissioner argued that the adjustments were not time-barred because the extended six-year statute of limitations for omissions of gross income applied. See id. §§ 6229(c)(2) and 6501(e)(1)(A).

The tax court ruled in favor of Wilmington. It held that the extended six-year statute of limitations did not apply because even if Wilmington had overstated the basis of the Note, an overstatement of basis did not constitute an omission of gross income for statute of limitations purposes. It held that the Commissioner was barred from assessing taxes based on

-4-

Wilmington's 1999 returns because the three-year statute of limitations had expired. It also ruled that the Commissioner "may not assess any tax related to the 1999-2 adjustments." As to tax year 1999-1, the tax court noted that the Commissioner had "made no relevant legal arguments in his memorandum to support his response on why we are authorized to make an assessment for that year."

Two principal issues are raised on appeal: (1) whether the extended six-year statute of limitations applies because, as the Commissioner contends, an overstatement of basis constitutes an omission of gross income; and (2) whether assessments may be made with respect to tax years 2001-2004 based on adjustments to Wilmington's 1999-2 partnership items.

The first issue has now been decided by the Supreme Court. In United States v. Home Concrete & Supply, LLC, 132 S. Ct. 1836 (2012), the Court held that an overstatement of basis does not constitute an omission from gross income. Id. at 1844 ("[O]verstatements of basis, and the resulting understatement of gross income, do not trigger the extended limitations period . . . ."). The Commissioner acknowledges the Supreme Court's ruling, and, by letter dated May 23, 2012, seeks to withdraw his appeal as to the first issue. In light of the Supreme Court's decision, we affirm the tax court in this respect; the extended six-year statute of limitations is inapplicable, and the FPAA was untimely.

As for the second issue, the Commissioner contends that it is still before us. The parties dispute the precise nature of the issue on appeal. On the one hand, the Commissioner maintains that the question is whether, even assuming the three-year statute of limitations barred the Commissioner from <u>assessing</u> taxes with respect to partnership items for 1999-2, the Commissioner could nonetheless <u>adjust</u> partnership items for 1999-2 to <u>assess</u> taxes on partners for 2001 through 2004, the years to which the 1999 losses were allegedly carried forward to offset gains. On the other hand, Wilmington asserts that the issue relates to whether Wilmington's basis in a "reset note" in fact leads to any additional tax liability in 2001 through 2004 -- a merits issue that, Wilmington argues, the tax court decided and the Commissioner failed to appeal.

It is not apparent to us that the tax court decided either of these issues. We believe the wiser course is to remand the case for the tax court to further consider the question and to clarify its ruling.

First, we acknowledge the tax court broadly stated that the Commissioner "may not assess any tax related to the 1999-2 adjustments" and that "[n]o provision in Subchapter K or TEFRA [the Tax Equity and Fiscal Responsibility Act of 1982] provides that a partner's basis in its partnership interest is to be adjusted based on changes in a partnership's basis in contributed property." These observations, however, were made largely in the context of the tax court's rejecting the Commissioner's argument

-6-

that Bakersfield Energy Partners, L.P. v. Comm'r, 128 T.C. 207 (2007), aff'd, 568 F.3d 767 (9th Cir. 2009), should be overruled. Bakersfield addressed the first issue -- whether the six-year statute of limitations applies when an understatement of income results from an overstatement of basis.  It is not clear, furthermore, to what extent these were observations about the merits.

Second, in the two orders that are the subject of this appeal -- the orders entered May 28, 2010, and July 19, 2010 -- the tax court did not discuss the differences between assessing taxes and adjusting the tax treatment of partnership items and the applicability of the statute of limitations thereto.  See, e.g., Addington v. Comm'r, 205 F.3d 54, 61 (2d Cir. 2000) (noting distinction between assessments and adjustments and holding that "[s]ection 6229 limits the time for making assessments against individual partners . . . [but] the provision sets forth no limitations whatsoever on the time in which adjustments can be made"); G-5 Inv. P'ship v. Comm'r, 128 T.C. 186, 189-90 (2007) ("In deficiency proceedings, section 6501 does not preclude an examination into events occurring in prior years which are closed to assessment for the purpose of correctly determining income tax liability for years which are still open."); see also Curr-Spec Partners, L.P. v. Comm'r, 579 F.3d 391, 399 (5th Cir. 2009) (holding that Commissioner may issue FPAA at any time and that he "is free to assess partnership-item tax on any taxpayer who, on his individual tax return, has taken advantage of the now-

challenged partnership items within the preceding three years").

In the two orders in question, the tax court did not cite or

discuss these cases -- which appear to support the conclusion

that the Commissioner may make adjustments on partnership items

for 1999-2 that could affect partners' open years.  Nor have the

parties done so on appeal.[3]

Third, in an earlier ruling, the tax court seemed to

hold that the Commissioner could make assessments for later, open

years based on adjustments to partnership items for an earlier,

closed year.  In its memorandum opinion filed August 26, 2009,

denying Wilmington's motion to dismiss, the tax court wrote:  "We

read nothing in TEFRA that prohibits us from considering in a

nondocketed (or closed) year (here 1993) to make proper

adjustments for a docketed year (here 1999-1 or 1999-2)."  In its

August 26, 2009, decision, the tax court noted that the Court of

Federal Claims had held that "the law was well settled that

courts in a nonpartnership proceeding may adjust items (including

basis) in a nondocketed (or closed) year to assess tax in a

---

[3]     The statute of limitations for making assessments
against partners is governed by § 6229(a), which provides that
the limitations period "shall not expire before the date which is
3 years after the later of -- (1) the date on which the
partnership return for such taxable year is filed, or (2) the
last day for filing such return for such year."  See Addington,
205 F.3d at 60.  The issuance of an FPAA suspends the running of
the applicable period under §§ 6229 and 6501 until the FPAA
adjustments are finalized, after which the Commissioner has one
year in which to assess partners based on the adjusted
partnership items.  Id.; G-5 Inv. P'ship, 128 T.C. at 190.
Hence, any tax years that were still open when the FPAA was filed
in 2006 will remain open until one year after the conclusion of
the partnership proceedings.

docketed year," and, citing <u>G-5 Investments Partnership</u>, held that this settled law "applied just as strongly in a TEFRA proceeding."  <u>See</u> 128 T.C. at 189-90.  This reasoning, of course, would appear to be at odds with the notion that the partnership items for 1999 could not be adjusted to assess taxes for partners for 2001-2004 -- to the extent those years are open -- just because Wilmington's 1999 tax year was closed.

Fourth, in its order dated August 8, 2008, as confirmed in its order dated October 21, 2009, the tax court ruled that the Commissioner "may not assess any tax for 1998, 1999, or 2000 relating to the adjustments in the FPAA made for 1999-2, because the applicable period of limitations had expired."  These orders -- which provided the context for the May 28, 2010, and July 19, 2010, orders that are the subject of this appeal -- did not address taxes for the years 2001-2004.

For all these reasons, it is simply not clear whether the tax court ruled on the issue in question.  Moreover, the parties and the tax court focused almost entirely on the first issue -- the applicability of the extended six-year statute of limitations.  Indeed, much of the briefing on appeal focuses not on the merits of the second issue but on whether the parties made certain concessions below or waived certain arguments.

In light of all the circumstances, we conclude that the better course is to remand the case to the tax court so that it may further consider the question and clarify its ruling.  The tax court may decide to do so by reference to the merits or by

reference to the statute of limitations, and in its discretion it may, of course, seek further briefing from the parties.

Accordingly, the judgment of the tax court is hereby **AFFIRMED** in part and the case is **REMANDED** for further proceedings.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK